# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

| | |
|---|---|
| KEITH I. GLENN,            ) | |
|                            ) | |
|     Movant,       ) | |
|                            ) | |
| v.                         ) | Civil Action Nos.  2:16-01369 |
|                            ) | Criminal Action No. 2:13-00091 |
| UNITED STATES OF AMERICA,  ) | |
|                            ) | |
|     Respondent.   ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's "Motion to Withdraw Motion Under Title 28 U.S.C. § 2255" (Document No. 864), filed on April 12, 2017. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 791.)

### FACTUAL BACKGROUND

**1.     Criminal Action No. 2:13-00091:**

On October 8, 2013, Movant pled guilty to one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Criminal Action No. 2:13-00091, Document Nos. 289 – 291.) On February 11, 2015, the District Court sentenced Movant to a term of 110 months of imprisonment to be followed by a three-year term of supervised release. (Id., Document Nos. 680 and 695.) The District Court further imposed a special assessment of $100. (Id.) Movant did not file an appeal with the Fourth Circuit Court of Appeals.

**2.      Section 2255 Motion:**

On February 8, 2016, Movant, acting *pro se*,[1] filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Civil Action, 2:16-01369, Document Nos. 789 and 790.) In support of his Motion, Movant alleges that the "District Court erred at sentencing by imposing a seven-level enhancement under United States Sentencing Guidelines § 2B3.1(b)(2)(A) for discharge of a weapon." (Id.)

On March 8, 2016, Movant filed a "Motion for Permission to Supplement his Pending § 2255 Motion with Additional Meritorious Issue." (Id., Document No. 793.) In support of his Motion, Movant states that he wishes to include the claim that he is entitled to relief based upon the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Id.) Specifically, Movant states that "under Johnson, the Petitioner did not meet the requirement of having one conviction that meet the requirement of § 2K2.1(a)(4)(A), and thus 2K2.1(a)(4)(A) should not have applied." (Id.) Movant explains that his sentence was improperly enhanced "because his prior conviction for robbery under West Virginia law was not a 'crime of violence' within the meaning of U.S.S.G. §§ 2K2.1(a)(4) and 4B1.2(a)(2)." (Id.) Movant, therefore, requests that he be "resentenced under the provisions and/or U.S.S.G. 2K2.1(a)(6)(A) wherein the base offense level is 14, rather than 20." (Id.)

On July 22, 2016, Petitioner filed his second "Motion for Permission to Supplement his Pending § 2255 Motion with Additional Meritorious Issue." (Id., Document No. 812.) In support of his Motion, Movant continues to challenge the validity of his sentence based upon Johnson.

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Id.) On December 19, 2016, Movant filed his third Motion to Amend. (Id., Document No. 845.) On the same day, Movant also filed his "Motion to Hold in Abeyance Pending Decision." (Id., Document No. 846.) Specifically, Movant requests that the Court stay proceedings concerning his Section 2255 Motion pending the Supreme Court's resolution of the petition for writ of certiorari in the matter of the Lynch v. Dimaya, and Beckles v. United States.[2] (Id.)

On April 12, 2017, Movant filed a "Motion to Withdraw Motion Under Title 28 U.S.C. § 2255." (Id., Document No. 864.) Specifically, Movant requests that the Court "withdraw the pending petition in this action under the appropriate rule(s) pertaining to motions/petitions governing Title 28 United States Code, Section 2255." (Id.)

## **ANALYSIS**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a Movant may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp.,

---

[2] On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines were not subject to a void for vagueness challenge under the Fifth Amendment. *Beckles v. United States*, ___ U.S. __, 137 S.Ct. 886 (2017).

3

819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Respondent has neither filed an Answer to Movant's Motion nor otherwise pled. Accordingly, the undersigned respectfully recommends that Movant's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i). See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

**PROPOSED FINDINGS AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Movant's "Motion to Withdraw Motion Under Title 28 U.S.C. § 2255" (Civil Action No. 2:16-01369, Document No. 847 and Criminal Action No. 2:13-00092, Document No. 864), **DISMISS** Movant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" (Civil Action No. 2:16-01369 and Criminal Action No. 2:13-00092,

Document No. 789), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: April 19, 2017.

Omar J. Aboulhosn
United States Magistrate Judge